UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
COURT FILE NO.: CV - 6583
13

| | |
|---|---|
| DOMINIC LABOY,<br><br>　　　　Plaintiff,<br>v.<br><br>PORTFOLIO RECOVERY ASSOCIATES LLC.<br><br>　　　　Defendant. | **COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

## JURISDICTION

1. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d), and pursuant to 28 U.S.C. § 1367 for pendent state law claims.

2. This action arises out of Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), as well as other Federal and State law tort claims.

3. Venue is proper in this District because the acts and transactions occurred here, Plaintiff reside here, and Defendant transacts business here.

## PARTIES

4. Plaintiff Dominic Laboy is a natural person who resides in Cook County, Illinois, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

5. Defendant PORTFOLIO RECOVERY ASSOCIATES, LLC (hereinafter "Defendant Portfolio") is a collection agency operating from an address of 120 Corporate Blvd., Norfolk, VA, and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

6. Defendant filed a lawsuit in Cook County Court, case no. 10 M1 107261, against Plaintiff alleging that Plaintiff incurred a financial obligation (a charge account) to Providian National Bank and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5), presumably a credit card debt.

7. Defendant Portfolio alleged that Portfolio was the Successor In Interest to Providian.

8. The undersigned counsel represented Plaintiff in the Cook County matter, and filed an Appearance on or about May 4, 2010.

9. As such, Defendant became aware that Plaintiff was represented by Counsel, as it relates to the alleged debt at issue.

10. Ultimately, the case was voluntarily dismissed in September 2010 by Portfolio, the date of Trial.

11. Plaintiff has always maintained that he is not the individual responsible for the debt, nor has he ever been provided any documentation authenticating the debt.

## Violations of the FDCPA and TCPA

12. Since the dismissal of the lawsuit filed by Defendant against Plaintiff, Plaintiff has received numerous telephone calls, to his cellular telephone, from Defendant and unknown agents of Defendant.

13. At various times Plaintiff has received numerous collection calls to his cellular phone from Defendant Portfolio using an automatic telephone dialing system in violation of the TCPA, 47 U.S.C. Section 227(b)(1)(A)(iii), and 47 C.F.R. 64.1200 (a)(1)(iii).

14. As recently as August 30, 2013, Plaintiff received a telephone call from Defendant. Said call constitutes a "communication" in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2).

15. The telephone call was made to Plaintiff's cellular phone in violation of the TCPA, 47 U.S.C. Section 227(b)(1)(A)(iii), and 47 C.F.R. 64.1200 (a)(1)(iii).

16. Plaintiff believes that Defendant's repeated attempt to collect this debt are in violation of the FDCPA because Defendant is unable to substantiate the character, amount, or legal status of the debt, or otherwise provide documentation of the debt, in violation of 1692c(a)(2), 1692d, 1692d(5), 1692e, 1692e(2), 1692e(5), 1692e(8), 1692e(10), 1692f, and 1692f(1).

### Plaintiff Has Suffered Actual Damages From This Malicious Prosecution

17. As a direct and proximate result of Defendant's actions, Plaintiff has suffered actual damages in the form of emotional distress, anger, anxiety, chest tightness, heart palpitations, upset stomach, headaches, worry, frustration, sadness, depression, fear, and sleeplessness, among other negative emotions and damages.

### TRIAL BY JURY

18. Plaintiff is entitled to and hereby respectfully demands a trial by jury. US Const. amend. 7. Fed. R. Civ. Pro. 38.

### CAUSES OF ACTION

### COUNT I.

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

### 15 U.S.C. § 1692 et seq.

19. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

20. The foregoing acts and omissions of Defendants constitute numerous and multiple violations of the FDCPA including, but not limited to, each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq.

21. As a result of each and every Defendant's violations of the FDCPA, Plaintiff has suffered actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from each and every Defendant.

## COUNT II

## TELEPHONE CONSUMER PROTECTION ACT
## 47 .S.C. Section 227 et seq.

22. Plaintiff incorporates by reference all of the paragraphs of this Complaint as though fully stated herein.

23. As a causally-direct and legally proximate result of the above violations of the TCPA and the C.F.R., Defendant Portfolio, at all times material and relevant hereto, as described in this Complaint, caused Plaintiff to sustain damages.

24. Under the 47 U.S.C. Section 227(b)(3)(B), the Plaintiff is entitled to statutory damages under the TCPA of $500.00 per phone call made to Plaintiff.

25. Defendant willfully and knowingly violated the TCPA, and as such the Plaintiff is entitled to $1,500.00 per phone call made to the Plaintiff pursuant to the 47 U.S.C. Section 227(b)(3).

26. Plaintiff is entitled to injunctive relief prohibiting Defendant from contacting the Plaintiff on his cellular phone using an automated dialing system pursuant to the 47 U.S.C. Section 227(b)(3)(a).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against each and every Defendant for:

### COUNT I.

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

### 15 U.S.C. § 1692 et seq.

- for an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against each and every Defendant;

- for an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against each and every Defendant;

- for an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against each and every Defendant;

### COUNT II

### TELEPHONE CONSUMER PROTECTION ACT
### 48 .S.C. Section 227 et seq.

- for an award of damages pursuant to under the 47 U.S.C. Section 227(b)(3); and/or

- for an award of damages pursuant to the 47 U.S.C. Section 227(b)(3); and

- injunctive relief prohibiting Defendant from contacting the Plaintiff on his cellular phone using an automated dialing system pursuant to the 47 U.S.C. Section 227(b)(3)(a).

                                           Respectfully submitted,

Dated: September 13, 2013          **JAHNKE, SULLIVAN & TOOLIS, LLC**

                                           By: <u>/s/ Christopher M. Jahnke</u>
                                           Christopher M. Jahnke, Esq.
                                           Attorney I.D.#6294347
                                           9031 W. 151st Street, Ste. 203
                                           Orland Park, IL 60462
                                           Telephone: (708) 349-9333
                                           Facsimile: (708) 349-8333
                                           cmj@jtlawllc.com

                                           Attorney for Plaintiff

## VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF ILLINOIS          )
                           ) SS
COUNTY OF COOK             )

Plaintiff Dominic Laboy, having first been duly sworn and upon oath, deposes and says as follows:

1. I am a Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well founded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.
6. Each and every exhibit I have provided to my attorney which has been attached to this Complaint is a true and correct copy of the original.
7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified, or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

_____
Dominic Laboy

Subscribed and sworn to before me
this _13_ day of _September_, 2013

_____
Notary Public

JULIANNE M RINTZ
OFFICIAL SEAL
MY COMMISSION EXPIRES
FEBRUARY 8, 2015
STATE OF ILLINOIS